1  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@AlvaradoSmith.com
2  JACOB M. CLARK (CA Bar No. 266630)
   jclark@AlvaradoSmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel:  (714) 852-6800
   Fax: (714) 852-6899
6
   Attorneys for Defendant
7  BANK OF AMERICA, NATIONAL ASSOCIATION,
   SUCCESSOR BY MERGER TO LASALLE BANK NA
8  AS TRUSTEE FOR WAMU MORTGAGE PASS-
   THROUGH CERTIFICATES SERIES 2007-OA5
9  TRUST, erroneously sued as BANK OF AMERICA,
   NATIONAL ASSOCIATION

JS-6

10

## UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARAM KAYWANFAR; REBECCA KAYWANFAR; AND PRINCE SONG CAMBILARGIU, <br><br>         Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, NATIONAL ASSOCIATION, AND "ALL PERSONS OR ENTITIES CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THIS COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO"; AND DOES 1-10, INCLUSIVE, <br><br>         Defendants. | **CASE NO.:** :13-CV-02134-R-CW <br><br> **JUDGE:** Hon. Manuel Real <br><br> **ORDER GRANTING MOTION TO DISMISS COMPLAINT** <br><br> **DATE:**    June 3, 2013 <br> **TIME:**    10:00 a.m. <br> **CTRM:**    "8" <br><br> **ACTION FILED:**  March 25, 2013 |

The Motion to Dismiss the Complaint of plaintiffs Shahram Kaywanfar ("S. Kaywanfar"), Rebecca Kaywanfar ("R. Kaywanfar"), and Prince Song Cambilargiu ("Cambilargui," and collectively "Plaintiffs") filed by defendant Bank of America,

*(left margin, vertical)* ALVARADOSMITH A PROFESSIONAL CORPORATION SANTA ANA

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT**
3563952.2 -- AL109.3173

1  National Association, successor by merger to LaSalle Bank NA as trustee for WaMu

2  Mortgage Pass-through Certificates Series 2007-OA5 Trust ("BofA" or "Defendant"),

3  erroneously sued as Bank of America, National Association, came regularly for

4  hearing on June 3, 2013 at 10:00 a.m. in Courtroom "8" of the above-entitled Court,

5  the Honorable Judge Manuel Real, presiding.  Jacob M. Clark, Esq. of

6  AlvaradoSmith, a professional corporation, appeared for the moving party.  All other

7  appearances were noted for the record.

8       After full consideration of the moving papers in support of the Motion and oral

9  argument, the Court rules as follows:

10       Defendant moves to dismiss Plaintiffs' Complaint for failure to state a claim

11  upon which relief may be granted.  *Federal Rules of Civil Procedure* 12(b)(6).  To

12  survive a motion to dismiss, the Complaint must allege sufficient factual matter,

13  which taken as true, states a claim for relief that is plausible on its face.  *Ashcroft v.*

14  *Iqbal*, 556 U.S. 662 (2009).

15       Defendant contends Plaintiffs' entire Complaint is barred by the doctrine of res

16  judicata.  One aspect of res judicata is claim preclusion, which bars parties or their

17  privies from relitigating issues that were or could have been raised in a prior action.

18  *Federal Department Stores, Inc. v. Moitie*, 452 U.S. 394 (1981).

19       Claim preclusion bars a subsequent claim if three elements are met: there was a

20  final judgment in the prior action; the claims in the subsequent action were or could

21  have been raised in the prior action; and the same parties or their privies are involved

22  in both actions.  Here, all three elements are satisfied.

23       First, prior to filing this federal action, Plaintiffs initiated a state action against

24  Defendant.  In the state action, the court sustained Defendant's demurrer to Plaintiffs'

25  First Amended Complaint, with prejudice.  That decision is a final decision on the

26  merits.  *Stewart v. U.S. Bankcorp*, 297 F.3d 953 (9th Cir. 2002).

27       Second, all of Plaintiffs' federal claims were actually litigated and resolved in

28  the state action or involved the same primary rights as invoked in the state action.  *Los*

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   *Angeles Branch NAACP v. Los Angeles Unified School District*, 750 F.2d 731 (9th Cir.

2   1984).  In both actions, Plaintiffs contend that Defendant Bank of America does not

3   have any interest in Plaintiffs' property, that the Trustee's Sale was improper because

4   there was not strict compliance with the nonjudicial foreclosure procedures, and that

5   Plaintiffs are not required to tender any amount to bring their claims because third

6   parties have paid the entire amount due on their loan.

7   At base, the primary rights invoked in each of Plaintiffs' federal and state

8   claims are Plaintiffs' property rights in the Subject Property and their contention that

9   Bank of America had no right to conduct the nonjudicial foreclosure of their property.

10  In the state action, the state court explicitly decided those issues.  Directly on point,

11  the state court found in paragraph 5(c) of its decision that "Plaintiff does not have title

12  because the property was sold at the foreclosure sale."  Implicitly, the Court also

13  found that the procedure of the nonjudicial foreclosure process were properly adhered

14  to.

15  Further, as to the theories and claims not raised in the state action, Plaintiffs'

16  failure to assert those claims bars relitigation in this forum because they each involve

17  the same primary property rights.

18  Finally, the Court finds that the mutuality requirement is satisfied.  Defendant

19  Bank of America is a party in both actions.  Plaintiffs, the Kaywanfars, are parties in

20  both actions.  And Plaintiff Cambilargui is in privity with the Kaywanfars by virtue of

21  the fact that his purported interest in the property was obtained via quitclaim deed

22  from the Kaywanfars after the nonjudicial foreclosure occurred.  Accordingly, all

23  parties in the state action and this federal action are the same. *Bates v. Jones*, 904

24  F.Supp. 1080 (N.D. Cal. 1995).

25  Consequently, as a matter of law, all of Plaintiffs' claims are precluded.

26  Plaintiffs therefore cannot state a plausible claim to relief, and the motion to dismiss

27  must be granted.

28  Further, because it appears Plaintiffs cannot correct this defect by amendment,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT**
3563952.2 -- AL109.3173

1    the motion to dismiss is granted, with prejudice.

2            **IT IS HEREBY ORDERED THAT**:

3            1.      The Court GRANTS Defendant's Motion to Dismiss, in its entirety, with

4    prejudice.

5            2.      The motions filed by Pro Se Plaintiffs are therefore taken off calendar as

6    moot.

7            3.      Defendant shall submit a proposed order.

8

9    DATED:  June 12, 2013                    By:_____

10                                                The Honorable Manuel Real
                                                  Judge, United States District Court
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**[PROPOSED] ORDER GRANTING MOTION TO DISMISS COMPLAINT**
3563952.2 -- AL109.3173